IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-00085-01-CR-W-DW |
| | ) | |
| DEANDRE R. PARKER, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through its undersigned counsel, and respectfully submits the following Sentencing Memorandum to assist the Court at the sentencing hearing in this case.

Summary of the Government's Sentencing Position

For the reasons and pursuant to the authority outlined in this memorandum the Government believes that the defendant should receive a sentence of 240 months, the statutory mandatory minimum pursuant to 21 U.S.C.§ 841(a)(1), (b)(1)(A) and 21 U.S.C. § 851.

Procedural Background

On December 22, 2008, the defendant pleaded guilty, with a written plea agreement, to counts three and four of the indictment charging him with one count of distribution of 50 grams or more of crack cocaine and possession with intent to sell more than 50 grams of crack cocaine. Because the Government has provided notice to enhance punishment pursuant to Title 21, United States Code, Section 851, the statutory mandatory minimum sentence for this charge is twenty (20) years imprisonment. As a result the Probation Office determined that the sentencing range is 240 months since the statutory mandatory minimum exceeds the actual Guidelines range of 97 to 121 months.

Parker has objected to the determination that his statutory minimum sentence is 20 years. He argues that his prior felony drug trafficking case, which resulted in a suspended imposition of sentence, should not be considered a conviction to be used for a sentencing enhancement.

As reflected in the plea agreement, the Government will request a sentence of 20 years pursuant to 21 U.S.C.§ 841(a)(1), (b)(1)(A) and 21 U.S.C. § 851.

## Discussion

In support of its sentencing recommendation, the Government will rely on the following authority at the sentencing hearing.

In *United States v. Davis*, 417 F.3d 909 (2005), the Eighth Circuit found that a defendant's prior sentence of probation, or a suspended imposition of sentence was a prior conviction for purposes of 21 U.S.C.§ 841(b). Davis argued that because he had received a suspended imposition of sentence on his prior Missouri drug trafficking case that it should not be considered a conviction under Missouri law. *Davis*, 417 F.3d at 912. The Eighth Circuit disagreed and held that under federal law, Davis' prior suspended imposition of sentence was a conviction for which the Government could seek a sentencing enhancement pursuant to 21 U.S.C.§ 841(b). *Davis*, 417 F.3d at 913.

The Eighth Circuit reiterated this position in *United States v. Ball*, 499 F.3d 890 (2007). In *Ball*, the Court found that a prior suspended sentence for simple possession of methamphetamine qualified as a prior conviction and subjected Ball to the 20-year mandatory minimum under 21 U.S.C.§ 841(b)(1)(A). *Ball*, 417 F.3d at 899.

2

## CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, the Government respectfully requests that the Court deny the defendant's request to impose a sentence that is below the applicable career offender guideline range.

Respectfully,

Matt J. Whitworth
Acting United States Attorney

By   /s/  *Brent Venneman*

Brent Venneman
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on June 18, 2009, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

Mr. William Raymond
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, Missouri 64106

/s/  *Brent Venneman*
_____

Brent Venneman
Assistant United States Attorney

BBV/rp

3